<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YEIMYAR VENTURA DE BROWN, <br><br> Plaintiff, <br><br> v. <br><br> CENTERS LAB NJ LLC, <br><br> Defendant. | No. 25cv13258 (EP) (AME) <br><br> **MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Yeimyar Ventura De Brown[1] filed a complaint bringing various civil rights claims against Defendant Centers Lab NJ LLC ("Centers Lab"). D.E. 1 ("Complaint" or "Compl."). Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-4 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** the IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court will **DISMISS** the Complaint ***without prejudice*** because Plaintiff has not pleaded plausible claims.

**I.     BACKGROUND**

Plaintiff began working the night shift as a data processor at Centers Lab on January 7, 2023. Compl. at 9. As data processor, Plaintiff took on additional responsibilities, including serving as team leader and working more than ten hours daily over four-day workweeks without additional remuneration. *Id.* Centers Lab sometimes required Plaintiff to work up to sixteen hours

---

[1] Plaintiff filed the case as "Yeimyar Ventura De Brown" but discloses in her Complaint that her name is "Yeimi Aracelis Ventura D Brown." *See* Dkt.; Compl. at 9.

per day without additional compensation and provided overtime pay only for Plaintiff's regular hours.[2]  *Id.*

While pregnant, Plaintiff was diagnosed with prenatal preeclampsia.  *Id.*  Centers Lab limited Plaintiff's bathroom visits to three five-minute breaks per shift.  *Id.* at 10.  Plaintiff filed a collective internal complaint with her co-workers, alleging "constant abuse by our supervisors, favoritism, and racial discrimination."  *Id.*  Centers Lab then proceeded to terminate Plaintiff's co-workers.  *Id.*

On November 16, 2023, Plaintiff began her employer-approved maternity leave, which Plaintiff alleges she was eligible for under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, as well as under "applicable" New Jersey law.  *Id.*  Centers Lab laid Plaintiff off on February 12, 2024 via telephone call and email without explanation.  *Id.* at 11.  As a result of her termination, Plaintiff suffered postpartum depression and anxiety, as well as economic and emotional harm.  *Id.*

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[3]  28 U.S.C.

---

[2] Plaintiff's Complaint does not make clear whether Plaintiff received overtime at all, or if Plaintiff received overtime when working beyond her regular hours.

[3] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188 at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final

§ 1815(e)(2)(B); *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As Plaintiff proceeds *pro se*, the Court holds the Complaint to a less stringent standard than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## III.    ANALYSIS

### A.    Plaintiff's IFP Application

Plaintiff's IFP Application declares that her average monthly income consists of $2,795 from self-employment and disability.  IFP Application at 1-2.  Plaintiff also states that she has $5,770 in monthly expenses from rent, utilities, food, clothing, laundry, and transportation.  *Id.* at 4.  Because Plaintiff sufficiently establishes her inability to pay, the Court will **GRANT** her IFP Application and screen her Complaint.

---

judgment.'" (quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

### B.    Plaintiff's FMLA Claims

Plaintiff brings claims under the FMLA, alleging that her maternity leave was protected under federal law and "applicable New Jersey law."[4]  Compl. at 14.  Plaintiff's maternity leave, however, is not necessarily protected by FMLA because she has not sufficiently alleged that she has met FMLA's eligibility requirements.   FMLA guarantees twelve workweeks of leave per twelve-month period for eligible employees to take care of a newborn.  29 U.S.C. § 2612(a)(1)(A).  To be considered "eligible," the employee must have been employed for at least twelve months by the employer and have worked for that employer for at least 1,250 hours in the preceding twelve months.  29 C.F.R. § 825.110(a).  Eligible employees must have also been employed at worksites where their employer had at least fifty employees working within seventy-five miles of that site.  *Id.*

Plaintiff began her maternity leave less than eleven months into her employment for Defendant.  Compl. at 10.  Although Plaintiff's lay-off occurred thirteen months after her start date, FMLA eligibility depends on the time the employee begins his or her leave, rather than at the time of termination.   *See Renart v. Chartwells*, 122 F. App'x. 559, 560 (3d Cir. 2004).  Nevertheless, while Plaintiff was not eligible for FMLA-protected maternity leave at the commencement of her leave, the "remaining portion" of her employer-approved maternity leave could have become FMLA-eligible on January 7, 2024, twelve months after her start date with Defendant.  29 C.F.R. § 825.110(d).  Because Plaintiff maintains that her employer both approved her maternity leave and terminated her approximately thirteen months after her start date, her

---

[4] The Court construes "applicable New Jersey law" mentioned in the Complaint as referring to the New Jersey Family Leave Act, which offers similar protections for maternity leave as the FMLA. Because subject matter jurisdiction is premised presumably on the presence of a federal question, the Court limits its analysis solely to Plaintiff's federal claims at this time.  28 U.S.C. § 1331.

Complaint shows that she met the twelve-month requirement for FMLA-protected medical leave. However, Plaintiff has not indicated that she met the minimum 1,250 hours necessary for FMLA protection or that Defendant employed the requisite number of employees within seventy-five miles of the employee's worksite. Plaintiff therefore fails to plead that her maternity leave was eligible for FMLA protection.

### C. Plaintiff's Discrimination Claims

Plaintiff also brings claims under 42 U.S.C. § 12112 for disability discrimination.[5] Compl. at 13. Although Plaintiff filed her Complaint within the applicable statute of limitations following the U.S. Equal Employment Opportunity Commission's issuance of Plaintiff's right to sue notice, Plaintiff fails to sufficiently plead a disability discrimination claim. *See* D.E. 1-2 at 13-14. Plaintiff, for example, mentions that her supervisors limited bathroom breaks, but does not indicate that her supervisors knew of her medical condition. Yet, to establish discrimination because of a disability, an employer must know of the disability." *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380-81 (3d Cir. 2002). Nor does she connect her need to use the bathroom as the kind of reasonable accommodation her employer knew she might need due to her medical condition. 42 U.S.C. § 12112(b)(5)(A) (requiring employers provide reasonable accommodations to account for *known* physical or mental limitations). Assuming that all Plaintiff's facts are true, the facts must still sufficiently raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 570.

---

[5] Plaintiff states that Defendant violated her federal right to be free from discrimination "based on medical condition" in her Complaint. Compl. at 13. Because Plaintiff does not provide additional explanation as to the medical condition, the Court construes Plaintiff is referencing her prenatal preeclampsia. *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

Plaintiff also brings gender discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, which permits gender discrimination claims "on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). Plaintiff also brings claims under the Pregnant Workers Fairness Act,[6] which requires covered employers to make "reasonable accommodations" for qualified pregnant employees with related medical conditions.[7] 42 U.S.C. § 2000gg-1. Plaintiff does not allege facts in her Complaint to support claims under either Title VII or under the Pregnant Workers Fairness Act. Compl. at 10, 13. While Plaintiff alleges that Defendant violated Title VII and the Pregnant Workers Fairness Act by providing only limited bathroom breaks, she does not allege that she needed such breaks due to her pregnancy or that Defendant was aware of her condition at the time it denied her the bathroom breaks. Compl. at 10. To state a claim, Plaintiff must provide facts connecting Defendant's actions and knowledge to Plaintiff's allegations. *See Twombly*, 550 U.S. at 570. Because she does not, Plaintiff's gender discrimination claims therefore appear to be "little more than labels and conclusions."[8] *Id.* at 555. Plaintiff therefore fails to plead a discrimination claim based on her gender or medical condition.

### D.    Plaintiff's Working Conditions Claims

Plaintiff also alleges violations of her right to humane working conditions. The facts that Plaintiff alleges throughout the Complaint sound in a possible violation of the Fair Labor Standards

---

[6] Plaintiff states that Defendant violated her federal right to be free from discrimination based on her gender. Compl. at 13. The Court similarly construes that Plaintiff alleges a Title VII claim. 42 U.S.C. § 2000e-2. *See supra* n.5.

[7] Plaintiff also fails to allege that she is a covered employee, and that Defendant is a covered entity under the Pregnant Workers Fair Act. *See* 42 U.S.C. § 2000gg.

[8] Plaintiff also mentions that she and her coworkers filed an internal complaint alleging racial discrimination from their supervisors. Compl. at 10. To the extent that Plaintiff wishes to incorporate these claims into a future amended complaint, Plaintiff must also allege facts related to these claims. *See Twombly*, 550 U.S. at 570.

Act ("FLSA") for unpaid overtime compensation. 29 U.S.C. § 216. "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Overtime in excess of forty hours is generally paid at one and one-half times the employee's regular wage. 29 U.S.C. § 207. To recover for unpaid overtime work under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)).

To adequately plead an FLSA overtime claim, "a plaintiff must sufficiently allege forty hours of work in a *given* workweek *as well as* some uncompensated time in excess of the forty hours." *Id.* at 241-42 (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013)). Here, Plaintiff alleges that she "worked more than 10 hours daily in four-day workweeks" and that she was sometimes "required to work overtime shifts or up to 16 hours in a single day, without compensation for those extra hours." Compl. at 9. However, Plaintiff also states that she was paid "time and a half," albeit only for "regular hours worked during the week." *Id.* Plaintiff's claims therefore appear contradictory, or at least, confused. If Plaintiff was paid at an overtime rate, *i.e.*, time and a half, it appears that she did, in fact, receive compensation for overtime work. As pleaded, Plaintiff fails to plausibly claim an FLSA overtime violation.

### E. Plaintiff's Retaliation Claims

Plaintiff also implies that Defendant fired employees in retaliation for submitting an internal complaint to Defendant alleging abuse from their supervisors. Compl. at 10. Such retaliatory action is a potential violation of Title VII and 42 U.S.C. § 1981. 42 U.S.C. § 2000e-3(a). To plead a civil rights claim, however, Plaintiff must "stat[e] the conduct, time, place, and

persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). To plead a retaliation claim in particular, Plaintiff must also establish that "(1) [she] engaged in [protected activity] . . .; (2) the employer took an adverse employment action against [her]; and (3) there was a causal connection between [her] participation in the protected activity and the adverse employment action." *Castleberry v. STI Grp.*, 863 F.3d 259, 267 (3d Cir. 2017) (quoting *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)).

Plaintiff, however, does not identify what the "collective complaint" alleged or when it was filed. The Court therefore cannot conclude that she plausibly engaged in protected conduct. Nor does Plaintiff allege that she suffered any adverse employment action as a result of the collective complaint. Plaintiff alleges only that other coworkers were terminated. Plaintiff herself was not terminated until months after she began her maternity leave. Finally, Plaintiff alleges that racial discrimination took place, Compl. at 10, but she does not identify the conduct at issue, nor does she identify herself as a member of a protected class. *See Henderson v. Philadelphia Housing Authority*, No. 23-1236, 2024 WL 1254830, at *2 (3d Cir. Mar. 25, 2024) (dismissing discrimination claims because plaintiff failed to plead she was a member of a protected class). Plaintiff therefore fails to adequately plead a retaliation claim.

## IV.    CONCLUSION

Because Plaintiff does not indicate if she fulfilled the eligibility requirements for FMLA leave, the Court will **DISMISS** *without prejudice* Plaintiff's FMLA claims. The Court will also **DISMISS** *without prejudice* Plaintiff's claims of gender discrimination, disability discrimination, and fair working conditions. Plaintiff will be given **45 days** to submit a proposed amended complaint, which the Court may use to determine whether Plaintiff was eligible for FMLA protection and whether Plaintiff has sufficiently pleaded claims against Centers Lab. Accordingly,

**IT IS** on this 7th of October 2025, for the forgoing reasons,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-4, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED** *without prejudice* pursuant to U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and

**ORDERED** that the Clerk of Court shall **REOPEN** this action if the proposed amended complaint passes the Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail.

Evelyn Padin, U.S.D.J.